COX, Respondent, v. HOLCOMB, Appellant.

(170 N. W. 166)

(File No. 4415. Opinion filed December 31, 1918. Rehearing denied March 19, 1919.)

1. Sales—Express Warranty of Stallion—Unpleaded Implied Warranty, Instructions Re, Effect.

In a suit to recover damages resulting from alleged incapability of a stallion for foal-getting, alleged to have been sold plaintiff under an express warranty, the evidence being ample to sustain a finding of implied warranty, appellant contending there was no proof of express warranty, held, trial court did

not err in instructing jury that it might base verdict on theory of implied warranty; it appearing there was ample evidence that the stallion was worth less than he would have had he been possessed of foal-getting powers.

2. **Appeals—Error—Non-foal-getting Stallion—Excessive Damages, Evidence, Sufficiency.**

In a suit to recover damages resulting from want of foal-getting powers of a stallion purchased by plaintiff of defendant; there being no evidence to sustain recovery for expense in securing services of other stallions, and the only evidence to support a verdict of $300, or any verdict, for loss of colt crop, being that plaintiff owned nine mares and the average colt crop therefrom would be seven colts; and her husband testifying that he bred the stallion to "a few mares," held, that this, together with other evidence that colts would be worth $25 at weaning time, was insufficient to sustain a verdict of $300.

3. **Damages—Non-foal-getting Stallion—Cost of Other Stallions' Services—Evidence.**

It appearing that a non-foal-getting stallion purchased by plaintiff from defendant, was thereafter found defective in that respect, plaintiff's husband advising her the animal was "no stallion," held, plaintiff was entitled to recover, (other than upon plaintiff's claim of damages for difference between the value of the animal as he was from what he would have been worth if as warranted) nothing but cost of services of other stallions if such service could be and was procured; there being no evidence that such service could have been procured.

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Anna Cox, against Eugene Holcomb, to recover damages resulting from loss of service of a stallion. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Walter G. Miser,* for Appellant.

No appearance for Respondent.

(1) To point one of the opinion, Appellant cited:

Davis v. Iverson, et al 5 S. D. 295, 58 N. W. 796; Richardson v. Carlis 26 S. D. 207, 128 N. W. 170.

WHITING, P. J. Plaintiff purchased a stallion of defendant. She brought this action, alleging that the stallion was sold under an express warranty as to his foal-getting qualities; that the stallion was incapable of foal-getting; and that, because of such incapacity, she suffered damages: (a) In the sum of $100, the difference between the value of the animal as he was from what

he would have been if as warranted; (b) in the sum of $400 in loss of colt crop for one season, and in expense of procuring service of other stallions. Verdict and judgment were for plaintiff in sum of $400. From such judgment and an order denying a new trial this appeal was taken.

[1] While there are numerous assignments of error, the merits of this appeal are covered by the two matters hereinafter considered. Appellant contends that there was no proof of an express warranty, and that the trial court erroneously allowed the jury to base a verdict on the theory of implied warranty. We do not deem it necessary to determine whether or not there was proof to sustain the plea of express warranty. The evidence touching the question of warranty was all received without objection, and there was ample proof to sustain a finding of implied warranty. The trial court therefore did not err in so instructing the jury as to warrant a verdict based on an implied warranty. There was ample evidence that the stallion was not worth as much as he would have been if he had been possessed of foal-getting powers.

[2] Appellant contends that the verdict is not supported by the evidence. As above noted, there was ample evidence to sustain a recovery of damages under the first element pleaded, but such recovery could not exceed the $100 demanded; but there was no evidence to sustain a recovery for expenses in procuring of other stallions; and there was insufficient evidence to support a verdict of $300, or any verdict, for loss of colt crop.

It was plaintiff's contention that she lost the colt crop of the year she purchased the stallion. Plaintiff owned nine mares, and the average colt crop from nine mares would be seven colts. There was no evidence as to the number of mares to which plaintiff attempted to breed this stallion, except the evidence of her husband that he "bred him to a few mares." But, even if the evidence had shown that all nine were bred so that it might have been inferred that there was a loss of seven colts, the evidence of plaintiff's husband was that colts would be worth $25 at weaning time, so that there was nothing upon which to base a recovery in the amount of $300 on this element.

[3] It appears that, after plaintiff got the stallion home, her husband made an examination of such animal and ascertained that particular defective physical condition which was concededly the

cause of his barrenness, and the husband advised plaintiff that the animal "was no stallion." Under those circumstances plaintiff was entitled to recover, other than upon the first element, nothing but the cost of service of other stallions if such service could be and was procured. There was no evidence that such service could not have been procured.

The judgment and order appealed from are reversed.